**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN A. MOORE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-03981-N (BF) |
| | § | |
| **SOUTH TOWER MEDICAL,** | § | |
| **M.D. ESMAEIL PORSA, and** | § | |
| **DALLAS COUNTY JAIL** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management. Before the Court is the "Putative Defendant Dallas County Jail's Motion to Dismiss Under Rule 12(b)(2) and 12(b)(6) and Brief in Support" ("Motion to Dismiss"). (Doc. 9). John A. Moore ("Plaintiff"), an inmate at the Dominguez State Jail in San Antonio, Texas, brought this lawsuit against Dallas County Jail ("Defendant"), among others, alleging his rights were violated under the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution when Dr. Porsa failed to prescribe him his medication of choice while incarcerated in the Dallas County Jail. (Pl.'s Pet. at 2-4.) Plaintiff seeks monetary damages of $5,000 for his pain and suffering. (*Id.).* For the following reasons, this Court recommends that the District Court GRANT the Motion to Dismiss and dismiss Plaintiff's claims against Defendant with prejudice pursuant to FED. R. CIV. P. 12(b)(2) or, in the alternative, pursuant to FED. R. CIV. P. 12(b)(6).

**Background**

Plaintiff is proceeding *pro se* and originally filed this action on September 10, 2012 in the

162nd Judicial District Court of Dallas County, Texas. Defendant was served with this lawsuit on September 19, 2012. (Pl.'s Pet. at 28-30.) Co-Defendants South Tower Medical and Esmaeil Porsa timely removed the case to this Court on October 3, 2012 pursuant to sections 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331. (Def.'s Notice of Removal at 1.) Defendant consented to removal of the case to federal court as required under 28 U.S.C. § 1446(b)(2)(A). (*Id.* at 2.) This Court has jurisdiction over the matter because it is based on a federal question. 28 U.S.C. § 1331. On October 9, 2012, Defendant timely filed a Motion to Dismiss under FED. R. CIV. P. 12(b)(2) and 12(b)(6). (Def.'s Mot. to Dismiss at 1.) Plaintiff did not file a response to the motion until January 8, 2013. (Pl.'s Resp. at 1.) However, Plaintiff's response was timely filed due to the extension this Court gave him. The Motion to Dismiss is now ripe for review.

## Motion to Dismiss Under FED. R. CIV. P. 12(b)(2)

Defendant argues that dismissal is required under FED. R. CIV. P. 12(b)(2) on the grounds that the Dallas County Jail is not a jural entity, and therefore, lacks the capacity to sue or be sued. A plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313-14 (5th Cir. 1991). "Unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Governmental offices and departments do not have a separate legal existence. *Magnett v. Dallas County Sheriff's Department*, No. 3:96–CV–3191–BD, 1998 WL 51355, at *1 (N.D.Tex. Jan. 20, 1998). Furthermore, "[t]he Dallas County Jail is not a separate legal entity subject to suit. . . ." *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466, at *2 (N.D. Tex. June 12, 2002). Plaintiff does not present any evidence suggesting that Dallas

2

County has taken explicit steps to grant Defendant with jural authority.  Accordingly, Defendant should be dismissed from this case pursuant to FED. R. CIV. P. 12(b)(2) for lack of personal jurisdiction.

### Motion to Dismiss Under FED. R. CIV. P.  12(b)(6)

Although the Court finds it lacks personal jurisdiction over Defendant, assuming *arguendo* that the Court had jurisdiction, Plaintiff has still failed to state a valid cause of action against Defendant. FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id*. (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id*. at n.3. In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Plaintiff alleges his civil rights were violated by Defendant under the Sixth, Eighth, and Fourteenth Amendments when Dr. Porsa, a doctor working under Defendant's employ, failed to prescribe him the same medication that he received before he was incarcerated. (Pl.'s Pet. at 3.) Regarding Plaintiff's alleged injury, he states:

This is an outrageous assault on my liberty, and my person. And it is unsettling to

learn just how little Medical Doctor, Esmail Porsa really knows about the pain and suffering of the patients in her care, the dysfunctional souls like myself, Mr. John A Moore for whom normal life has simply become too complex and painful to bear.

(*Id.*) Plaintiff brings this action pursuant to 42 U.S.C. § 1983.[1] Under § 1983, a claimant must prove two elements: 1) that he was deprived of rights secured by the Constitution or laws of the United States, and 2) that a person acting under the color of state law violated those rights. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521 (5th Cir. 1994)**.**

**Whether Plaintiff was Deprived of Rights Secured by the Constitution or Laws of the United States**

Regarding Plaintiff's claims under the Sixth and Fourteenth Amendments, he does not provide any set of facts which would establish that Defendant deprived him of any rights under these Amendments. He only gives a conclusory statement that such rights were violated, but fails to allege any misconduct on the part of Defendant. Plaintiff has failed to state a legally cognizable claim under the Sixth or Fourteenth Amendments.

Plaintiff additionally argues that his Eighth Amendment rights were violated by Defendant when Dr. Porsa did not prescribe him his desired medication. To establish that his Eighth Amendment rights were violated under § 1983, Plaintiff must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S.

---

[1] § 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . . 42 U.S.C. § 1983.

97, 106 (1976). Plaintiff only alleges that Dr. Porsa "did not meet the necessary level of professional responsibility when she disregarded the prescribed medication my personal doctor prescribed for me to take to help me deal with the severe pain I constantly suffer. . . ." (Pl.'s Pet. at 3.) This claim, however, does not give rise to any facts indicating that Defendant showed deliberate indifference to any of Plaintiff's serious medical needs. The Fifth Circuit has held that deliberate indifference is an "extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  Clearly, Plaintiff has not met this high standard. Thus, Plaintiff has failed to plead any facts establishing a legally cognizable claim suggesting he was deprived of any rights under 42 U.S.C. § 1983.

**Whether a Person Acting Under the Color of State Law Violated Plaintiff's Rights**

Plaintiff alleges that Defendant is responsible for the actions of Dr. Porsa in depriving him of his constitutional rights. Governmental entities are included as persons under §1983. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 690 (1978).  A governmental entity may not be sued for an injury inflicted solely by its employees or agents under a theory of *Respondeat Superior* or vicarious liability.  *Id.* at 692.  To file a § 1983 claim against a governmental entity, the employee or agent of the entity must have acted pursuant to an official custom or policy adopted by the entity. *Id.* at 694. The Fifth Circuit explained,

> To support a claim based upon the existence of an official custom or policy, the Plaintiff must plead facts which show that: 1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred; and 4) the custom or policy served as the moving force behind the violation.

*Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996).

Plaintiff fails to plead any facts showing that the alleged civil rights violations were due to a custom or policy adopted by Defendant. Plaintiff also failed to identify the final policymaker or

demonstrate that his injuries were caused because that policy was applied. Plaintiff has failed to state a claim for governmental liability under 42 U.S.C. § 1983. *See id.* (affirming the dismissal of the plaintiff's claims because the plaintiff failed to allege facts establishing that defendants acted pursuant to an official custom or policy of the city, or that the city implemented such an official custom or policy that led to his alleged injuries). Thus, Plaintiff's claims against Defendant should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a legally cognizable claim under 42 U.S.C. § 1983.

## Recommendation

For the foregoing reasons, the Court recommends that the District Court **GRANT** Defendant's Motion to Dismiss (doc. 9) and dismiss Plaintiff's claims against Defendant with prejudice pursuant to FED. R. CIV. P. 12(b)(2) or, in the alternative, pursuant to FED. R. CIV. P. 12(b)(6).

SO RECOMMENDED, April 19, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).