ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG - 7 2013

CLERK, U.S. DISTRICT COURT
By_____
       Deputy

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JOHN A. MOORE, | § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action No. 3:12-CV-3981-N (BF) |
| SOUTH TOWER MEDICAL, M.D. ESMAEIL PORSA, and DALLAS COUNTY JAIL | § § § § § | |
| Defendants. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for pretrial management. Before the Court is Defendant Esmaeil Porsa, M.D.'s ("Dr. Porsa") Motion for Summary Judgment (doc. 19), filed on February 20, 2013. Plaintiff John A. Moore ("Plaintiff") failed to file a response and the time to do so has expired. Plaintiff, an inmate at the Dominguez State Jail in San Antonio, Texas, brought this lawsuit against Dr. Porsa, among others, alleging his rights were violated under the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution when Dr. Porsa failed to prescribe him his medication of choice while incarcerated in the Dallas County Jail. (Pl.'s Pet. at 2.) For the following reasons, this Court recommends that the District Court GRANT the Motion for Summary Judgment and enter judgment in favor of Dr. Porsa.

### Background

Plaintiff is proceeding *pro se* and originally filed this action on September 10, 2012, in the 162nd Judicial District Court of Dallas County, Texas. Defendants South Tower Medical and Dr. Porsa timely removed the case to this Court on October 3, 2012, pursuant to 28 U.S.C. § 1441(a) and

28 U.S.C. § 1331. (Defs.' Notice of Removal at 1-2.) Defendant Dallas County Jail consented to removal of the case to federal court as required under 28 U.S.C. § 1446(b)(2)(A). (*Id.* at 2.) This Court has jurisdiction over the matter because it is based on a federal question. 28 U.S.C. § 1331. The Motion for Summary Judgment is now ripe for review.

## Standard of Review

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little*, 37 F.3d at 1075. Once the movant meets his burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "[A properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. *See* FED. R. CIV. P. 56(e). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.; see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23. Similarly, if the party opposing summary judgment fails to respond to the motion, the court may grant summary judgment if the movant has made a *prima facie* showing that he is entitled to relief. *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); FED. R. CIV. P. 56(e). Nevertheless, a court may not grant a default summary judgment simply because the non-movant has failed to respond. *Eversly*, 843 F.2d at 174; *Tutton v. Garland Indep. School Dist.*, 733 F.Supp. 1113, 1117 (N.D. Tex. 1990). The court may, however, accept the movant's evidence as undisputed. *United States v. $252,671.48 in U.S. Currency*, 734 F.Supp. 254, 256 (N.D. Tex. 1990); *Tutton*, 733 F.Supp. at 1117. The court must then determine if the movant has made a *prima facie* showing of its entitlement to summary judgment

3

based upon the movant's undisputed evidence. *Vega v. Parsley,* 700 F.Supp. 879, 881 (W.D. Tex. 1988).

Evidence on summary judgment may be considered to the extent that it is not based on hearsay or other information that is not admissible at trial. *Fowler v. Smith,* 68 F.3d 124, 126 (5th Cir. 1995); *see* FED. R. CIV. P. 56(e) ("affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence ..."). Although Plaintiff is proceeding *pro se* in this matter, his *pro se* status does not absolve him from the duty to set forth specific facts supporting his claims. *See Bookman v. Shubzda,* 945 F.Supp. 999, 1004 (N.D. Tex. 1996). "There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention." *Id.* at 1005. Because Plaintiff failed to respond to Dr. Porsa's Motion for Summary Judgment, Plaintiff has not met his burden of designating specific facts which relate to his claims and would create genuine issues for trial. *See id.* at 1004. In this case, the Court will accept Dr. Porsa's summary judgment evidence as undisputed. *See Tutton,* 733 F.Supp. at 1117.

### Undisputed Material Facts

Plaintiff was an inmate at the Dallas County Jail from June of 2012 through September of 2012. (Def.'s Mot. at 2-3.) While incarcerated, he saw a doctor at the jail who Plaintiff claims would not provide him a certain pain medication that he requested. (Pl.'s Pet. at 2.) Plaintiff alleges that the doctor failed to provide him this medication on June 7, 2012. (*Id.*) Plaintiff avers that the pain medication he requested was previously prescribed to him by his personal doctor. (*Id.*)

Dr. Porsa has been employed by the Dallas County Hospital District d/b/a Parkland Health & Hospital System, as Medical Director of its Dallas County Jail Health Services Department since

May of 2007. (App. to Def.'s Mot. at 2, Ex. A, Aff. Dr. Porsa.) In addition to his administrative responsibilities, Dr. Porsa also sees all jail tuberculosis patients, occasionally covers for providers who are out, and occasionally sees inmates as requested on a consulting basis. (*Id.*) Otherwise, Dr. Porsa does not see Dallas County Jail inmates as a practicing physician. (*Id.*) The doctor who treated Plaintiff at the Dallas County Jail was not Dr. Porsa because Dr. Porsa was not personally involved in the care or treatment of Plaintiff during his incarceration which is the subject of this lawsuit. (*Id.* at 3-4.) Dr. Porsa did not see Plaintiff as a patient at any time between June and September of 2012, and Dr. Porsa did not prescribe, or fail to prescribe, Plaintiff any pain medications. (*Id.*)

## Analysis

Plaintiff filed his petition alleging that his constitutional rights were violated under the Sixth, Eighth, and Fourteenth Amendments because Dr. Porsa failed to "meet the necessary level of professional responsibility when she disregarded the prescribed medication" that Plaintiff's personal doctor previously prescribed for him. (Pl.'s Pet. at 2.) Plaintiff brings this action pursuant to 42 U.S.C. § 1983.[1] In order to be successful on a § 1983 claim, a plaintiff must prove two elements: 1) that he was deprived of rights secured by the Constitution or laws of the United States, and 2) that a person acting under the color of state law violated those rights. *Leffall v. Dallas Indep. Sch. Dist.*,

---

[1] Section 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

28 F.3d 521, 525 (5th Cir. 1994).

Although Plaintiff alleges that Dr. Porsa's failure to prescribe him his desired medication violated his Sixth and Fourteenth Amendment rights, he does not provide any set of facts which would establish that Dr. Porsa deprived him of any rights under these Amendments. Plaintiff only gives a conclusory statement in his petition that such rights were violated, but he fails to show any misconduct on the part of Dr. Porsa which would establish a violation of these rights. Instead, it appears that Plaintiff's § 1983 claim is based upon a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

The cruel and unusual punishment clause of the Eighth Amendment imposes a duty on prison officials to provide adequate medical care to inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To establish inadequate medical care under § 1983, a plaintiff must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Negligence, medical malpractice, or unsuccessful medical treatment does not constitute deliberate indifference under the Eighth Amendment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Instead, "[a] showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (quoting *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)) (internal quotation marks omitted). A prison doctor's decision of whether to provide certain treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. The Fifth Circuit has held that deliberate indifference is an "extremely high standard to meet." *Gobert*, 463 F.3d at 346.

The summary-judgment evidence establishes that Dr. Porsa could not have violated Plaintiff's constitutional rights because Dr. Porsa never saw Plaintiff as a patient during the time period upon which this action is based. Furthermore, the summary-judgment evidence demonstrates that Dr. Porsa never prescribed, or failed to prescribe, any pain medications to Plaintiff during his relevant incarceration. Moreover, in his response to Dallas County Jail and South Tower Medical's motions to dismiss, Plaintiff concedes "I said Marie Maitre M.D. was doctor I seen not Esmaeil Porsa." (Doc. 17 at 1.) Furthermore, in Plaintiff's petition, he refers to Dr. Porsa as "she" when Dr. Porsa is a male. (Pl.'s Pet. at 2.)

Notwithstanding, assuming *arguendo* that Dr. Porsa was the doctor who treated Plaintiff during his incarceration, Plaintiff has still failed to show that Dr. Porsa refused to treat him, ignored his complaints, or treated him incorrectly intentionally. Moreover, even if Dr. Porsa decided not to prescribe a certain pain medication to Plaintiff, such decision is within the ambit of his medical judgment and would not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 107. At most it would establish medical malpractice, which does not meet the required deliberate indifference under the Eighth Amendment. *Id.; see also Gobert*, 463 F.3d at 346.

The Court finds that Plaintiff cannot prove a necessary element of a § 1983 claim, that his constitutional rights were violated, for which he would have the burden of proof at trial. Additionally, Dr. Porsa has made a *prima facie* showing that he is entitled to relief based on the undisputed evidence. Because there is no genuine issue of material fact that exists for trial, Plaintiff's § 1983 claim cannot stand and judgment should be entered in favor of Dr. Porsa.

## Recommendation

For the foregoing reasons, the Court recommends that the District Court **GRANT** Dr. Porsa's Motion for Summary Judgment (doc. 19), dismiss Plaintiff's claims against Dr. Porsa with prejudice, and enter judgment in favor of Dr. Porsa.

**SO RECOMMENDED**, August 2, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).